UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

SAM ROSENTHAL, ISKANDER KHAN, and LUIGI CIAVOLINO JR., on behalf of themselves and all others similarly situated,

and

SEAN BASINSKI, individually

Plaintiffs,

-against-

GUASTAVINO'S INC.; ROSE GROUP PARK AVENUE LLC; BRIDGEMARKET ASSOCIATES, L.P., MADDD 550 BROAD LLC; THE CITY OF NEW YORK; NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION; LOUIS ROSE; NYPD LIEUTENANT ANTHONY TAI (TAX #953465); NYPD OFFICER RUBENIAS CANAS (TAX #976507); NYPD OFFICER DYSMAIRY GUZMAN (TAX #958478); and JOHN DOE #1,

Defendants.

---------------------------------------------------------------------- x

**MUNICIPAL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Case No. 26-cv-07715-JAV-RFT

Defendants The City of New York (the "City") and New York City Economic Development Corporation ("NYCEDC"), New York Police Department ("NYPD") Lieutenant Anthony Tai ("Lt. Tai", former NYPD Officer Rubenia Canas ("Officer Canas"), and NYPD Officer Dysmairy Guzman ("Officer Guzman" and collectively, "Municipal Defendants"), by their attorney STEVEN BANKS, Corporation Counsel of the City of New York, as and for their Answer the First Amended Complaint ("FAC") of Plaintiffs Sam Rosenthal ("Rosenthal"), Iskander Khan ("Khan"), and Luigi Ciavolino Jr. ("Ciavolino" and collectively, "Putative Class Plaintiffs"), and Sean Basinski ("Basinski" and collectively, "Plaintiffs") dated October 19, 2026, by and through their attorneys, allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the FAC.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the FAC.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the FAC.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the FAC.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the FAC, except aver that Guastavino's Inc. is a subtenant under a Third Amended and Restated Lease dated as of April 1, 2025 between the City and MADDD 550 BROAD LLC (the "2025 Third A&R Lease") for certain City-owned space located beneath and/or abutting the Ed Koch Queensboro Bridge (the "Bridge") in New York, New York (the "Leased Premises").

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the FAC.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the FAC.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the FAC.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the FAC, except aver that Bridgemarket Associates, L.P. was a tenant at the Leased Premises.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the FAC, except aver that MADDD 550 BROAD LLC is the tenant under the 2025 Third A&R Lease for the Leased Premises, as successor-in-interest to Bridgemarket Associates, L.P. pursuant to an Assignment and Assumption of Ground Lease dated as of May 12, 2020 but executed on March 31, 2020 (the "2020 Assignment") and respectfully refer to the 2020 Assignment and the 2025 Third A&R Lease for full and accurate statements of their contents.

11. Admit the allegations set forth in Paragraph 11 of the FAC.

12. Admit the allegation set forth in Paragraph 12 of the FAC that NYCEDC is a not-for-profit corporation, except deny that NYCEDC is a local development corporation.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the FAC, except admit that plaintiff purports to sue Defendant Anthony Tai in their individual and official capacities; insofar as this paragraph sets forth conclusions of law, no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the FAC, except admit that plaintiff purports to sue Defendant Rubenias Canas in their individual and official capacities; insofar as this paragraph sets forth conclusions of law, no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the FAC, except admit that plaintiff purports to sue Defendant Dysmairy Guzman in their individual and official capacities; in so far as this paragraph sets forth conclusions of law, no response is required.

16. Paragraph 16 of the FAC sets forth Plaintiffs' conclusory legal statements. To the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph.

17. Paragraph 17 of the FAC sets forth Plaintiffs' conclusory legal statements. To the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph, except admit that the City and NYCEDC are a municipal corporation and not-for-profit-corporation respectively with offices in New York County.

18. Deny the allegations set forth in Paragraph 18 of the FAC.

19. Paragraph 19 sets forth Plaintiffs' conclusory statement. To the extent any response is required, deny the allegations set forth in Paragraph 19 of the FAC as they relate to Municipal Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

20. Paragraph 20 of the FAC sets forth Plaintiffs' conclusory legal statement. To the extent any response is required, deny the allegations set forth in Paragraph 20 as they relate to Municipal Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

21. Deny the allegations set forth in Paragraph 21 of the FAC as they relate to Municipal Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

22. Paragraph 22 of the FAC sets forth Plaintiffs' conclusory legal statements. To the extent any response is required, deny the allegations set forth in Paragraph 22 as they relate to

Municipal Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

23. Paragraph 23 of the FAC sets forth Plaintiffs' conclusory legal statements. To the extent any response is required, deny the allegations set forth in Paragraph 23 as they relate to Municipal Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

24. Deny the allegations set forth in Paragraph 24 of the FAC.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the FAC, except admit that Block 1454, Lot 1 is City-owned and was acquired by the City for construction of the Bridge and that portions of the space underneath and/or abutting the Bridge have been used in the past as a farmer's market.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the FAC, except admit that the City has used the space under and abutting the Bridge for various purposes.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the FAC, except admit that the New York City Landmarks Preservation Commission declared the bridge now known as the Ed Koch Queensboro Bridge a landmark on or about April 16, 1974 and stated, among other things, that "the Queensboro Bridge has a special character, special historical and aesthetic interest and value as part of the development, heritage and cultural characteristics of New York City."

28. Deny the allegations set forth in Paragraph 28 of the FAC, except admit that, on or about August 8, 1977, the New York City Planning Commission reviewed a proposed 30-year sublease of City-owned property under and abutting the Bridge, and respectfully refer the

Court to the referenced documents, including the 1977 City Planning Commission report, for their contents.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the FAC and respectfully refer the Court to the referenced documents for their contents.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the FAC, except admit that, in 1987, the City entered into an Amended and Restated Lease with Bridgemarket Associates, dated as of July 1, 1986 (the "1986 A&R Lease") for City-owned property beneath and abutting the Bridge, and respectfully refer the Court to the referenced document for its contents.

31. Deny the allegations set forth in Paragraph 31 of the FAC except admit that, on or about April 25, 1988, Sutton Area Community, Inc. filed a lawsuit against the City and the New York City Public Development Corporation challenging the validity of the 1986 A&R Lease and respectfully refers to the Court to the complaint in that action for a full and accurate statement of its contents.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the FAC, except admit that the Court of Appeals upheld the validity of the 1986 A&R Lease and refer the Court to the 1986 A&R Lease and decision for a full statement of their text and import.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the FAC, except admit that Bridgemarket project received required approvals, and respectfully refer the Court to the referenced document for its contents.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the FAC, and respectfully refer the Court to the referenced document for its contents.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the FAC, except admit that the City entered into a Second Amended and Restated Lease with Bridgemarket Associates, dated as of November 15, 1997 (the "1997 Second A&R Lease"), to lease certain City-owned property under and abutting the Bridge as the property is described in Exhibit A to said lease and respectfully refer the Court to the referenced documents for their contents.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the FAC, except admit that Conran Shop (Manhattan) Inc., Food Emporium and Guastavino's were subtenants of Bridgemarket Associates.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the FAC.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the FAC.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the FAC, and respectfully refer the Court to the referenced document for their contents.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the FAC.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the FAC.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the FAC, except admit that on October 2, 2002, the City Planning Commission adopted a resolution approving the disposition of City-owned property located beneath and abutting the Bridge to NYCEDC, namely, to renew and extend the 1997 Second A&R Lease, admit that the resolution refers to "an abutting public plaza along East 59th Street which is improved with landscaping and seating areas," and respectfully refer the Court to the referenced documents, including the October 2, 2002 City Planning Commission report, for their contents.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the FAC, except admit that Gustavino's operates a private event space as a subtenant of Bridgemarket Associates.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the FAC.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the FAC.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the FAC, except admit that, as of the date of this pleading, the Guastavino's website indicates that "Outdoor Space" is available for weddings, corporate events, charity gala events and bar and bat mitzvahs.

47. Deny the allegations set forth in Paragraph 47 of the FAC as they relate to Municipal Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the FAC.

49. Deny the allegations set forth in Paragraph 49 of the FAC as they relate to Municipal Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants, and respectfully refer the Court to the referenced documents for their contents.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the FAC, except admit that Bridgemarket Associates assigned its right, title and interest as tenant in the 1997 Second A&R Lease to MADDD 550 Broad pursuant to the 2020 Assignment.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the FAC, and respectfully refer the Court to the referenced document for a complete statement of its contents.

52. Deny the allegations set forth in Paragraph 52 of the FAC and respectfully refer the Court to the relevant lease and all amendments, modifications, extensions and renewals thereof, for a complete statement of their contents.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the FAC.

54. Deny the allegations set forth in Paragraph 54 of the FAC as they relate to Municipal Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the FAC.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the FAC.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the FAC.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the FAC.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the FAC.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the FAC.

61. Deny the allegations set forth in Paragraph 61 of the FAC as they relate to Municipal Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the FAC.

63. Deny the allegations set forth in Paragraph 63 of the FAC.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the FAC.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the FAC.

66. Deny the allegations set forth in Paragraph 66 of the FAC as they relate to Municipal Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the FAC.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the FAC.

69. Deny the allegations set forth in Paragraph 69 of the FAC as they relate to Municipal Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

70. In response to Paragraph 70 of the FAC, Municipal Defendants repeat and reallege their responses to Paragraphs 1 through 69 as if fully set forth herein.

71. Deny the allegations set forth in Paragraph 71 as they relate to Municipal Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

72. In response to Paragraph 72 of the FAC, Municipal Defendants repeat and reallege their responses to Paragraphs 1 through 68 as if fully set forth herein.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the FAC.

74. Deny the allegations set forth in Paragraph 74 of the FAC as they relate to Municipal Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the remaining defendants.

75. In response to Paragraph 75 of the FAC, Municipal Defendants repeat and reallege their responses to Paragraphs 1 through 74 as if fully set forth herein.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the FAC.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the FAC.

78. In response to Paragraph 78 of the FAC, Municipal Defendants repeat and reallege their responses to Paragraphs 1 through 77 as if fully set forth herein.

79. Deny the allegations set forth in Paragraph 79 of the FAC.

80. Deny the allegations set forth in Paragraph 80 of the FAC.

81. In response to Paragraph 81 of the FAC, Municipal Defendants repeat and reallege their responses to Paragraphs 1 through 80 as if fully set forth herein.

82. Deny the allegations set forth in Paragraph 82 of the FAC.

83. In response to Paragraph 83 of the FAC, Municipal Defendants repeat and reallege their responses to Paragraphs 1 through 82 as if fully set forth herein.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the FAC.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the FAC, except deny the allegations as they relate to Municipal Defendants.

86. In response to Paragraph 86 of the FAC, Municipal Defendants repeat and reallege their responses to Paragraphs 1 through 85 as if fully set forth herein.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the FAC.

88. In response to Paragraph 88 of the FAC, Municipal Defendants repeat and reallege their responses to Paragraphs 1 through 87 as if fully set forth herein.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the FAC.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the FAC.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST DEFENSE

91. The FAC fails to state a cause of action against Municipal Defendants.

### AS AND FOR A SECOND DEFENSE

92. The Court lacks personal jurisdiction over defendant NYCEDC because it has not been properly served.

### AS AND FOR A THIRD DEFENSE

93. The Court lacks subject-matter jurisdiction on the ground that one or more of the Plaintiffs may lack standing to maintain this action against Municipal Defendants insofar as they have not alleged an injury in fact.

### AS AND FOR A FOURTH DEFENSE

94. At all times relevant to the acts alleged in the FAC, Municipal Defendants' conduct was reasonable, proper, lawful, constitutional, and made in good faith, without malice, and/or without willful intent to violate any applicable law, rule, or regulation.

### AS AND FOR A FIFTH DEFENSE

95. At all times relevant to the FAC, Municipal Defendants had probable cause, reasonable grounds, and legal justification to detain, arrest, and initiate criminal proceedings against Plaintiff Basinski.

**AS AND FOR A SIXTH DEFENSE**

96. At all times relevant to the acts alleged in the FAC, Municipal Defendants acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions because they acted in accordance with the information available to them at the time.

**AS AND FOR A SEVENTH DEFENSE**

97. None of the individual defendants have violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS AND FOR AN EIGHTH DEFENSE**

98. At all times relevant to the acts alleged in the complaint, the duties and functions of Municipal Defendants' officials and agents entailed the exercise of their proper and lawful discretion. As a result, Municipal Defendants are entitled to governmental immunity.

**AS AND FOR A NINTH DEFENSE**

99. Punitive damages cannot be awarded against Municipal Defendants and they are immune from such damages and as it would be considered a windfall.

Dated: New York, New York
November 16, 2026

STEVEN BANKS
Corporation Counsel of the City of New York
*Attorneys for Municipal Defendants*
100 Church Street
New York, New York 10007
Phone: (212) 356-2546
Email: bahlberg@law.nyc.gov
lspitaln@law.nyc.gov

By: ______________________________
Blake Ahlberg, Deputy Chief
Leslie Spitalnick, Senior Counsel
Commercial and Real Estate Litigation
Division