**CUTI FRISCH PLLC** JOHN R. CUTI | JCUTI@CUTIFRISCH.COM

November 23, 2026

***By ECF***

Hon. Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court, Southern District of New York
United States Courthouse
500 Pearl Street, Room 910
New York, NY 10007

Re: *Sam Rosenthal et al. v. Guastavino's, Inc. et al.*, Case No. 26-cv-7715 (JAV)(RFT)

Dear Judge Tarnofsky:

We represent defendants Guastavino's Inc., Rose Group Park Avenue LLC ("RGPA"), and Louis Rose (the "Moving Defendants"), and also write on behalf of Defendants MADDD 550 Broad LLC ("MADDD") and Bridgemarket Associates L.P. ("BA"). By this letter, and under Fed. R. Civ. P. 26(c) and paragraph 4 of the Court's October 8, 2026 Order (Dkt. 23), the Moving Defendants, MADDD and BA request an order staying discovery as to them until Judge Vargas decides their pending motions to dismiss the First Amended Complaint. *See* Dkt. 35-37 (Moving Defendants), 39 (MADDD) and 32-24 (BA).

Defendants the City of New York and the Economic Development Corporation consent to this application by the Moving Defendants, MADDD, and BA to stay discovery. Plaintiffs do not consent.[1]

A court has discretion to stay discovery "for good cause shown," and good cause "may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion," and grant a stay where the motion to dismiss has "substantial grounds." *Hong Leong Fin. Ltd.*

[1] These positions were stated in email correspondence on November 16, 2026. The undersigned then noted that Section III.B of Your Honor's individual rules arguably required an in-person or telephonic conference, and counsel for all parties agreed to confer, via Teams, on November 18, 2026 at 9:30 a.m. Counsel for all Defendants appeared on that Teams meeting; Plaintiffs' counsel did not. During the meeting, counsel for the City and EDC emailed and then telephoned Mr. Basinski reminding him that the meeting was ongoing. After waiting for twenty minutes (during which Mr. Basinski did not respond), counsel ended the Teams meeting at 9:50 am. Plaintiffs' counsel subsequently reaffirmed by email his opposition to this request to stay discovery.

*(Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks omitted). *See Cota v. Art Brand Studios, LLC*, No. 21-cv-1519 (LJL), 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (staying discovery where the motion to dismiss "presents substantial grounds for dismissal," the plaintiffs would seek broad discovery, and they had "not made a sufficient showing that they will suffer prejudice by the granting of a short stay"). Each consideration supports a stay here.

***The Moving Defendants' Basis for Requesting a Stay***

*First*, the motion rests on questions of law that Judge Vargas can decide based on the allegations of the FAC and the Lease on which Plaintiffs rely. The first two causes of action, for a declaratory judgment and public nuisance, seek to enforce a covenant in the City's lease to MADDD 550 that requires the tenant to provide "a sitting area accessible to the public" on the plaza beside Guastavino's. FAC ¶¶ 49, 51-52; *see* Dkt. 36-1 (Lease) at § 9.01(ii). Plaintiffs are not parties to the lease, which provides: "There are no third party beneficiaries of this Lease, either express or implied, except as may be provided herein." Id. § 41.20. Under New York law, "[w]here a provision exists in an agreement expressly negating an intent to permit enforcement by third parties, . . . that provision is decisive." *India.Com, Inc. v. Dalal*, 412 F.3d 315, 321 (2d Cir. 2005) (internal quotation marks omitted). The public nuisance claim presents two further questions that Judge Vargas can decide on the pleadings. The FAC does not allege that the City dedicated the plaza to public use, so the plaza is not "a public place." And Plaintiffs, who allege the same exclusion as the public at large, do not plead the "special injury beyond that suffered by the community at large" that a private plaintiff must show. *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 96 N.Y.2d 280, 292 (2001). The motion also raises similarly discrete questions that can be resolved on the face of the FAC: whether Plaintiffs, who do not allege that they paid the Moving Defendants anything, can recover for unjust enrichment; whether a private party who gives the police information, even false information, acts under color of state law, *see Betts v. Shearman*, 751 F.3d 78, 85-86 (2d Cir. 2014); and whether an allegation that a defendant threw the plaintiff's property, without any allegation that the property was damaged or that the plaintiff lost its use for a substantial period, states a claim for trespass to chattels. If Judge Vargas grants the motion, no claim will remain against Mr. Rose. The only claim left against Guastavino's and RGPA will be the Eighth Cause of Action, in which Plaintiffs assert that the "Corporate Defendants" are vicariously liable for an assault by "John Doe #1," whom the FAC does not identify. FAC ¶¶ 89-90.

*Second*, discovery will be broad and costly. Plaintiffs sue eleven defendants on behalf of a putative class of "all members of the public who have been excluded from" the plaza. FAC ¶ 18. The FAC recounts the history of the property from 1900, FAC ¶¶ 25-52; alleges that Guastavino's and RGPA have "sold exclusive access to and use of the Plaza" since 2006, and seeks an accounting of their revenue, FAC ¶¶ 44, 76, Prayer ¶ 7; alleges an "arrangement" with

the Nineteenth Precinct, FAC ¶¶ 55, 84; and states eleven times that facts it does not plead "will be determined through discovery," FAC ¶¶ 52, 54-57, 59, 62, 64-66, 68. Those allegations put at issue twenty years of event contracts, booking records and financial information. None of that discovery bears on the questions the motion presents, and its expense would far outweigh its benefit while the motion is pending. *See* Fed. R. Civ. P. 1, 26(b)(1).

*Third*, a stay will not prejudice Plaintiffs. The FAC acknowledges that "dozens and perhaps hundreds of people use the Plaza daily when the Corporate Defendants are not holding events there." FAC ¶ 19. The class claims seek declaratory and injunctive relief concerning future access to the plaza, Prayer ¶¶ 3-6, but a stay of discovery will not affect those asserted rights because the signs describing the Plaza as private, FAC ¶48(g)-(h), were removed on August 25, 2026, the day after Plaintiffs filed this action.The individual claims of the fourth plaintiff, Sean Basinski, rest principally on two encounters, on December 3, 2025, and April 17, 2026. FAC ¶¶ 61-63, 66. The motion will be fully briefed by December 31, 2026. Dkt. 23 ¶ 3. A stay for the period the motion is *sub judice* will not impair Plaintiffs' ability to obtain information regarding these relatively recent events.

***MADDD's Basis for Requesting a Stay***

Like the Moving Defendants, MADDD moves to dismiss on questions of law that Judge Vargas can decide on the FAC and the Lease, including whether Plaintiffs may enforce the Lease and whether they plead a special injury, both discussed above. MADDD's motion is directed to every claim asserted against it; if Judge Vargas grants it, no claim will remain against MADDD. *See* Dkt. 39. MADDD is the City's ground tenant, and the FAC does not allege that it operates the event venue. The three Plaintiffs who sue on behalf of the putative class allege no dealings with anyone identified with MADDD, and one of them alleges an encounter "in or around 2015," five years before MADDD acquired the lease. FAC ¶¶ 10, 53, 58, 60. As to Mr. Basinski, the FAC alleges "upon information and belief" that persons working for MADDD or a security contractor asked him not to exercise on the plaza in the summer of 2020, asked him to leave and called the police on April 17, 2026, and told him on August 11, 2026, that he could not film there. FAC ¶¶ 54, 66, 68. Accepting those allegations as true, MADDD's motion presents further discrete questions: whether a private party that asks a visitor to leave and calls the police acts under color of state law, *see Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999); whether a tenant of City land becomes a state actor by signing a lease; and whether Plaintiffs, who do not allege that they paid MADDD anything, can recover from it for unjust enrichment. Plaintiffs have already amended once in response to MADDD's first motion to dismiss. *See* Dkt. 18, 24.

Discovery against MADDD would be both broad and exploratory. In nearly every allegation that ties conduct to MADDD, the FAC concedes that the facts "will be determined through discovery." FAC ¶¶ 52, 54, 62, 66, 68. But Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The FAC also puts at issue MADDD's "rent, fees, revenue-sharing agreements or other contractual consideration," FAC ¶ 77, and the maintenance of planters, trellises, lights and signs installed on the plaza "[b]eginning in 2000," twenty years before MADDD's tenancy, FAC ¶¶ 48,

52. None of that discovery bears on the questions MADDD's motion presents. For the reasons stated above, a stay will not prejudice Plaintiffs.

***BA's Basis for Requesting a Stay***

Like the other defendants, BA moves to dismiss based on questions of law arising from the allegations of the Complaint and the Ground Lease of the FAC. BA's motion is remarkably straightforward: plaintiffs base their claims against BA on its *former role* as the lessee under a Ground Lease with the City of New York. Plaintiffs point to acts occurring in the "summer of 2020" attributable to "whichever company held the ground lease with the City at the time". *Id.* ¶ 54. That entity was not BA because it sold and assigned all its right, title and interest in and to the Ground Lease to MADDD, on May 12, 2020, prior to the summer of 2020.

The Court may consider this undisputed fact by taking judicial notice of the Sale and Assignment, recorded with the New York City Department of Finance and available on the "ACRIS" website. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147,152-23 (2d Cir. 2002). The Court may also consider the Sale and Assignment, properly submitted as an exhibit to BA's motion, because the FAC refers to and alleges the sale occurred in 2020. *Id.* BA cannot be held liable because the alleged acts of interference both occurred after the Sale and Assignment to MADDD and beyond the applicable New York statute of limitations (which ranges from one year to three years). Plaintiffs have only named BA as a perceived deep pocket (*see* FAC ¶¶ 8, 77), signaling a plan to seek extensive discovery from BA as to allegations that do not state a plausible claim for relief and are time barred. The discovery burden on BA would also be substantial, as the Company is no longer operating and its principal, the nearly 80-year-old widow of real estate developer Sheldon Gordon, spends much of her time residing in London.

For these reasons, the Moving Defendants, MADDD and BA request that the Court stay discovery as to them until the motion to dismiss is decided.

Respectfully submitted,

/s/ John R. Cuti
John R. Cuti

cc: All counsel of record (via ECF)