November 24, 2026

**By ECF**

Hon. Robyn F. Tarnofsky
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Rosenthal et al. v. Guastavino's Inc. et al., No. 26-cv-7715 (JAV)(RFT)**

Dear Judge Tarnofsky:

Plaintiffs oppose the Corporate Defendants' application (ECF No. 40) to stay discovery pending resolution of their motions to dismiss. A pending dispositive motion does not automatically justify a discovery stay, and Defendants have failed to establish good cause for one here.

Judge Vargas's Individual Rules expressly state that it is not her practice to stay discovery while a dispositive motion is pending. She has twice recently denied such requests. In *Cameron v. Winter*, No. 25-cv-210 (JAV), ECF No. 26 (June 4, 2025), she rejected a proposed partial stay notwithstanding the defendant's assertion that certain claims were unusually broad and fact-intensive. In *Dobbs v. Bank of New York Mellon*, No. 25-cv-2114 (JAV), ECF No. 53 (July 21, 2025), she denied a stay despite a motion seeking dismissal of the entire case, emphasizing the absence of specific evidence of discovery burdens and the availability of objections to individual requests. Both decisions recognize that a discovery stay is the exception, not the rule.

The same considerations apply here. Defendants assert that discovery will involve extensive historical records and financial information, but offer no concrete estimate of the burden or expense involved, nor any specific explanation of why appropriately limited, phased discovery would be unduly burdensome. Plaintiffs are willing to phase discovery, initially concentrating on recent records concerning public access, security practices, communications with the City, and the defendants' respective responsibilities for managing the plaza at issue. Those subjects go directly to the conduct alleged in the FAC and need not entail the extensive historical or financial discovery Defendants describe.

Moreover, discovery concerning the City's conduct and its communications with the Corporate Defendants will remain relevant regardless of the outcome of the pending private-defendant motions. The City has answered the FAC, and no stay of discovery against it has been requested. Plaintiffs have also voluntarily dismissed Bridgemarket Associates, L.P., narrowing the scope of the litigation. A dismissal of some claims would not necessarily eliminate the need for discovery from the remaining private defendants.

Defendants also contend that Plaintiffs will suffer no prejudice because the “PRIVATE GARDEN” signs were removed after this action was filed. But despite the removal of the signs, the status

of the plaza remains unresolved. Indeed, on August 25, 2026, Guastavino’s told the press that it “acknowledges that this is a public plaza.” *A Luxury Venue Commandeered a Public East Side Plaza for 20 Years, Neighbors Say*, Patch (Aug. 25, 2026). Yet, in its motion to dismiss, Guastavino’s, Rose Group Park Avenue and Louis Rose now argue that the plaza “is not a ‘public place’ under New York law.” Plaintiffs have also received a report that private events continue to be held on the plaza.

Finally, Defendants' letter references the November 18 conference, which undersigned counsel inadvertently missed. Counsel promptly apologized and requested that the conference be rescheduled, but Defendants declined. As stated, Plaintiffs' opposition to the proposed stay had already been communicated by email and was reiterated afterward.

For these reasons, Plaintiffs respectfully request that the application be denied. Alternatively, the Court should permit appropriately phased discovery addressing the recent events and practices central to the FAC, rather than imposing a blanket stay pending resolution of the motions to dismiss.

Respectfully submitted,

Sean Basinski
1073 First Avenue
New York, New York 10022
(917) 825-7248
seaninnigeria@gmail.com
Attorney for Plaintiffs